1838.

Waller
v.
Harris.

## WALLER vs. HARRIS.

Where H. purchased at sheriff's sale, on the 25th July, 1832, certain lands under a judgment against M., docketed in February, 1825, and the day after the sale H. took an assignment of a prior mortgage, dated Jan. 25, 1820, and H. was also the owner of a judgment against M., docketed in March, 1824, and also of a judgment in favor of B. docketed in November, 1827 ; and W. was also the owner of a judgment against M. docketed in February, 1832 ; and after the assignment of the mortgage to H. she foreclosed the same under the statute and bought in the premises ; and the surplus beyond the mortgage debts he applied on the eldest judgment, docketed in March, 1824 ; and on the 25th day of October, 1833, the last day of the fifteen months from the sheriff's sale, H. furnished the sheriff certified copies of the docket of her two judgments which were junior to that on which the property was sold, with her affidavit that she was the owner, and specifying the amount due on each ; and afterwards, in the evening of the same day, W. applied to the sheriff to redeem the premises upon payment of the original bid and interest, and produced the requisite affidavit but no copy of the docket as required by the statute ; and the sheriff permitted him to redeem, without paying the amount due on the two prior judgments owned by H., and afterwards falsely represented to the agent of H. that W. produced a copy of the docket of his judgment on redeeming, and the agent acting upon this representation received the redemption money, and the sheriff gave W. the deed ; and as soon as the false representation was discovered, the agent of H. offered to return the money with interest ; and W. afterwards applied to H. to redeem the premises from the mortgage, which H. refused ; *It was held*, that W. not having redeemed the premises from the sheriff's sale as required by the revised statutes, he was not entitled to the sheriff's deed, and that he was therefore not

(a) Affirmed, on appeal to the court for the correction of errors, Jan. 1839.

entitled to redeem them from the mortgage; *also held* that both the legal and equitable title was vested in H.

The decree upon a bill to redeem should fix the time within which the redemption is to take place; and should direct that the complainant's bill be dismissed with costs, if the money is not paid within the time prescribed.

It is erroneous to decree a perpetual injunction to stay proceedings in 'a suit against third persons, not parties or privies to the suit in which the decree is made.

The surplus arising on a sale under a statute foreclosure of a mortgage, cannot be claimed by a subsequent incumbrancer, unless he releases to the purchaser all future claim upon the equity of redemption; which equity is not foreclosed as to him.

In order to make a valid redemption of lands from a sheriff's sale under a judgment and execution, the directions of the statute must be strictly complied with; the sheriff has no power or discretion to dispense with any one of them.

A redemption was held invalid for the non-production and delivery to the sheriff, on the redemption, of a copy of the docket of the judgment under which the redemption was claimed to be made, duly certified, as required by the revised statutes.

May 1.

THIS was an appeal, by the defendant, from a decree of the vice chancellor of the fourth circuit, allowing the complainant to redeem certain premises from a statute foreclosure under a mortgage. The premises originally belonged to Daniel Mason, and had with other premises been sold by the sheriff of Washington county, by virtue of an execution on a judgment against Mason and another in favor of Barker; which judgment was docketed in February, 1825. The sale under this execution took place on the 25th of July, 1832; and the property of Mason was bid in by the defendant Lucretia Harris, for $801. The incumbrances upon the premises in controversy in this cause, at the time of the sheriff's sale, were as follows: 1. A mortgage from D. Mason to Stephenson, dated 25th of January, 1820; which mortgage was assigned to the defendant L. Harris the day after the sheriff's sale, there being then due thereon something more than $800; 2. A judgment in behalf of J. Harris, the defendant's testator, against D. Mason and D. L. Mason, docketed in March, 1824, on which the defendant L. Harris claimed to be due to her, as executrix, between fifteen and sixteen hundred dollars; 3. The judgment in favor of Barker, under which the premises were sold by the sher-

iff; 4. A judgment in favor of Bradley and others against D. Mason, and J. Harris deceased, docketed in November, 1827, and assigned to the defendant L. Harris in 1831, on which there was due about $700 ; 5. A judgment in favor of J. Waller, the complainant, against D. Mason, docketed in February, 1832, on which was due between six and seven hundred dollars ; and 6. A judgment in favor of the defendant L. Harris, against D. Mason, but recovered in the name of E. Lord, on which there was due about $175. After the assignment of the Stephenson mortgage to the defendant, in July, 1832, she proceeded to foreclose it under the statute, and the premises in controversy in the suit were bid in for her, by her agent, on the 31st of January, 1833, for $1700 ; the surplus of which sale, beyond the amount due on the mortgage, and costs, she applied on the judgment due to her as the executrix of J. Harris, the oldest lien upon the premises subsequent to the mortgage. On the 25th of October, 1833, the last day of the fifteen months allowed to creditors to redeem the property from the sheriff's sale, the defendant L. Harris furnished to the deputy who sold the property on the Barker execution, certified copies of the docket of her two judgments which were junior to that on which the property was sold, together with her affidavit stating that she was the exclusive owner of the two judgments, and specifying the true sum then due on each. Afterwards, in the evening of the same day, the complainant J. Waller, in the absence of the defendant and her agent, applied to the sheriff to redeem the premises from the sheriff's sale upon payment of the original bid and interest. He produced and delivered to the sheriff an affidavit, stating the recovery of his judgment against D. Mason and the amount due thereon, but produced no copy of the docket of his judgment, as required by the statute. The sheriff thereupon permitted him to redeem the premises, upon paying the amount of the original bid and interest merely, and without paying the amount due to the defendant on her prior judgment, assigned by Bradley and others, as specified in her affidavit. And the sheriff having afterwards falsely represented to the agent of the defendant that Waller produced the docket of

his judgment, the agent, acting under the belief that such representation was true, received the redemption money thus paid, and the sheriff gave the complainant the deed. But as soon as the fraud and imposition were discovered, the defendant applied to the complainant and insisted upon her right to the property under the sheriff's sale, and offered to repay him the money so received, with interest thereon; which the latter refused to accept. The complainant afterwards applied to the defendant to redeem the premises from the mortgage on which the statutory foreclosure had been completed. But she refused to permit him to redeem; claiming that his equity of redemption was extinguished by the sale to her under the prior judgment of Barker, and that he had not legally redeemed the premises from the sheriff's sale. The defendant having brought an action of ejectment against D. Mason and B. Safford, for the recovery of the mortgaged premises in their possession, the complainant filed his bill in this cause to redeem the premises from the sale under the mortgage, and for an injunction to stay the ejectment suit. The vice chancellor decided and decreed that the complainant was entitled to redeem the premises from the defendant, upon paying the amount due on the mortgage with interest thereon up to the time of the offer to redeem within six months thereafter, or such other time as the vice chancellor might allow for that purpose; and that upon the payment of that sum the defendant should give to the complainant a release and conveyance of the mortgaged premises, with covenants against her own acts. He also decreed a perpetual injunction against the proceedings in the ejectment suit against Mason and Safford. From this decree the defendant appealed.

*J. Holmes & S. Stevens,* for the appellant. The complainant, if he regularly redeemed from the sale under the Barker judgment, cannot redeem from the sale under the mortgage; because no person holding the mortgagor's equity of redemption can redeem. The mortgagor and all deriving title under him are foreclosed. (2 *R. S.* 546, § 8. 10 *John. Rep.* 195, *by Kent.*) A purchaser at a sheriff's sale buys

the debtor's equity of redemption under a mortgage. (7 *Cowen's Rep.* 553.) If the complainant could redeem as holding title under the Barker judgment, the defendant's judgment of March, 1824, was older than the judgment and younger than the mortgage ; he could not cut that off ; it was a lien upon the property. The defendant's bid was an application of the surplus upon this judgment. This judgment has since ceased to be a lien upon real estate. The complainant cannot redeem as a judgment creditor, as in this way he would cut off the judgment last mentioned and also the Bradley judgment, which would be both inequitable and illegal ; and also because his judgment has been paid by the property redeemed under the Barker sale, which was not covered by the mortgage.

Again ; the complainant has not in fact redeemed under the Barker judgment, as he produced no certificate of the docket of his judgment, and the defendant was induced to receive the money by fraud ; which money she has offered to pay back, and still offers by the pleadings. (2 *R. S.* 373, § 60.) The sheriff's deed is of course a nullity, and the sale under the Barker judgment takes away the lien of all junior judgments, of the complainant's with others, so that he cannot redeem. The sheriff acts ministerially in cases of redemption, and has no discretion to exercise. The statute is not that the sheriff shall be satisfied, but that certain things shall be done. (1 *Cowen*, 495, 498, 499. *Session Laws of* 1820, *p.* 167, § 2.)

*A Taber*, for the respondent. The complainant claims the right to redeem because he is a judgment creditor of Mason, subsequent to the mortgage, and has redeemed from the sale under the Barker judgment, and has thus acquired title to the land. The proofs show that a certificate of the docket of the complainant's judgment was delivered to the sheriff, but it may be inferred that it was not received by him until the next morning. (2 *R. S.* 373, § 30. *The People* v. *Livingston*, 6 *Wendell*, 526.) It is proved that at the time of the payment of the money the complainant delivered to the sheriff and left with him the original execution issued in this

cause, and upon which the sheriff had collected about one half the amount of the judgment. This is a substantial compliance with the statute. (*Miller* v. *Johnson,* 2 *Wendell,* 197.) The evidence of the right to redeem which the statute requires should be furnished to the sheriff, is for his information, to regulate his action, and he is to judge of its sufficiency. The sheriff might not be bound to regard the parties' rights to redeem without a strict compliance with the literal requirements of the statute; but if equivalent testimony is furnished him and he is satisfied to act upon it, and does act and acts correctly, and the party gets his legal rights and nothing more, third persons have no right to interfere. In order to redeem under the mortgage, a creditor is only bound to pay the sum due on the mortgage, and not even the costs of foreclosure and sale. (*Benedict* v. *Gilman,* 4 *Paige's Rep.* 58.) The decree of the court in this case cannot vest a title in the defendant under the sheriff's sale. To obtain such relief she should have filed a cross bill. (18 *John. Rep.* 544.) As a general rule, the complainant claiming to redeem must pay costs; but if the defendant improperly resist the claim of the complainant to redeem, he will not only be refused costs but may be compelled to pay costs to the adverse party. (*Vroom* v. *Ditmas,* 4 *Paige's Rep.* 535.) The defendant has no legal or equitable claim to have the senior incumbrances paid off by the party electing to redeem. The lands are liable to pay these incumbrances. The bill does not seek to avoid them, nor in any way affect them. When they are attempted to be enforced we shall claim the privilege of paying them off. Our rights are not foreclosed, either as owners or judgment creditors. By this bill we seek to redeem at common law, which we have a right at common law to do, either as owners or judgment creditors. Our rights are expressly reserved by the statute of foreclosure.

THE CHANCELLOR. The decree in this case is erroneous in some particulars, independent of the important question upon the merits, as to the regularity of the complainant's redemption of the premises from the sheriff's sale. The

decree upon a bill to redeem should fix the time within which the redemption is to take place ; and should direct the complainant's bill to be dismissed with costs if the money is not paid within the time prescribed. Here the complainant is to have six months, and such further time as the court may allow for that purpose ; and without allowing to the defendant the interest, on the amount originally due, in the meantime. And no provision is made in the decree for the dismissal of the bill, so as to foreclose the complainant's equity of redemption if he neglects to redeem within the time prescribed. Even if it was just and equitable to deprive the defendant of the interest of her money from the time of the tender, upon the supposition that the complainant had kept the money always ready since that time, surely there could be no good reason for permitting him to keep the money six months longer without interest.

Again ; it was erroneous to decree a perpetual injunction to stay the proceedings in the ejectment suit against third persons, not parties in this cause, and without paying to the plaintiff in that suit the costs which had accrued therein at the time of the complainant's offer to redeem. The foreclosure of the mortgage was certainly valid as against D. Mason the mortgagor. The ejectment suit was therefore properly commenced against him, to recover the possession of the premises, and the rents and profits of the premises from the time the statutory foreclosure was completed, even if the complainant had a right to redeem. D. Mason being in possession at the time that foreclosure was completed, he became a tenant at will to Mrs. Harris from that time. And he certainly had no right to attorn to the complainant, so as to become his tenant, until the latter had obtained some pretence of right to the possession of the land, by a tender of the money due on the mortgage. The ejectment suit was therefore rightfully commenced ; and if Mason had been a party to this suit Mrs. Harris should not have been enjoined from proceeding against him, until he had paid the costs, and the rents and profits of the premises, or the interest on the mortgage monies during the time she has been deprived of them by this decree.

From the conclusion at which I have arrived on another part of this case, it is not necessary that I should inquire whether it was competent, under the pleadings in this cause, to examine into the consideration of the judgment of J. Harris against D. Mason and. J. L. Mason, in 1824. As the statute foreclosure was a mere nullity as against subsequent incumbrancers, no such incumbrancer had any right to claim the surplus raised on that sale, unless he first released to the purchaser all future claim upon the equity of redemption. In other words he could not take the price of the equity of redemption, which was supposed to be foreclosed, and at the same time retain his right to redeem as against the statute foreclosure. The surplus on that sale was therefore a matter between D. Mason and Mrs. Harris, with which this complainant has nothing to do. And if he redeems the premises from the statute foreclosure, then there is in fact no surplus for which she is bound to account to any body. But if the premises were not properly redeemed from the sheriff's sale, so that the equity of redemption as to all incumbrancers, subsequent to the Barker judgment, was cut off by the sale under that judgment and the statute foreclosure, then the defendant has a right to apply that surplus to the payment of her two last judgments against D. Mason, if she thinks proper to do so, as to the validity of which there is no dispute.

The evidence in this case shows conclusively that the complainant did not comply with the directions of the statute, in his attempt to redeem the premises from the sheriff's sale to Mrs. Harris ; for the copy of the docket of the judgmenl was not produced to the sheriff within the time allowed by law for redeeming. And the receipt of the money by the defendant's agent, under the false representation by the sheriff that the certified copy of the docket was produced, did not alter her rights ; as she repudiated the transaction, and offered to return the money and interest, as soon as she ascertained that her agent had been decieved and imposed upon by that misrepresentation of fact. Even if the statutory directions in relation to the redemption of lands by a judgment creditor could be dispensed with by

the sheriff, the conduct of the officer in this case was unjust and oppressive towards Mrs. Harris. For if he could dispense with a technical compliance with the directions of the statute, to enable Waller to redeem the premises from her purchase, it was equally his duty to dispense with a similar technicality to preserve her rights as a prior judgment creditor. In this case it will be seen that Mrs. Harris was the owner of a judgment junior to that under which she had bid off the property, but prior in date to that under which the sheriff permitted Waller to redeem ; and that she had done every thing which was necessary to satisfy the sheriff that she was entitled to be paid that judgment, in addition to the amount of her bid, except that she did not comply with the technical requirements of the statute, by producing to him the assignment of that judgment from Bradley and others, in addition to the copy of the docket and her affidavit that the judgment belonged to her, and of the amount then due thereon. The sheriff therefore, if he meant to be governed by the principle of doing equal and impartial justice to both parties, should either have required a strict compliance with the requirements of the statute on the part of Waller, or he should have dispensed with a technical compliance on the part of Mrs. Harris. And as he permitted Waller to redeem upon an affidavit only, and without the clerk's certificate of the docketing of the judgment, he should have considered Mrs. Harris's affidavit equally valid as that of Waller's agent. He therefore should have required Waller to pay the amount due to Mrs. Harris on the prior Bradley judgment, in addition to the amount of her bid, although the assignment was not annexed to her affidavit, before he permitted him to redeem upon papers which were technically defective.

The evidence in the case shows that the Bradley judgment was a lien upon the land, prior in point of time to that upon which the complainant attempted to redeem. And as Harris was a mere surety for the other defendant in the judgment, the payment of the judgment by his executrix, and taking an assignment thereof for her own security, did not discharge the lien upon the land of the principal debtor.

1838.

Waller
v.
Harris.

On the contrary if Harris had himself been living, he would in equity, upon the payment of the debt, have been subrogated to all the rights and remedies of the plaintiffs in that judgment; and could have enforced the lien of the judgment against the lands of his co-defendant, the real debtor. Here Mrs. Harris adopted a course, in relation to the Bradley judgment, by which the lien thereof was preserved as against the lands of the real debtor, at law as well as in equity; for she bought in the judgment and took an assignment thereof, for the protection of the estate of the surety. As such assignee, therefore, she had a perfect right to redeem under the statute, (2 R. S. 273, § 58.) And she had done every thing requisite to entitle her to the payment of that judgment, upon a redemption by a junior judgment creditor, except the production to the sheriff of the assignment itself in addition to her affidavit proving the fact. If I supposed, therefore, that the sheriff had a right, in his discretion, to dispense with a strict compliance with the requirements of the statute, I should hold this such a gross piece of favoritism on the part of the sheriff, in dispensing with a strict compliance in favor of one judgment creditor, and enforcing it strictly as against another, to the manifest injury of the latter, that a court of equity could not sustain such an unconscientious proceeding. I therefore should not have permitted the complainant to redeem, in any event, without paying the full amount due on the Bradley judgment, and the costs of this suit, in addition to the amount due upon the mortgage, with interest.

Upon a careful examination of the provisions of the statute, however, I am satisfied that it was never the intention of the revisers, or of the legislature, to leave it to the discretion of the sheriff to decide whether he would insist upon, or dispense with, the documentary proof which the party applying to redeem is by law required to produce. And the fact that the exercise of such a discretion might lead to the favoritism and injustice which has occurred in the present case, is a strong if not a conclusive argument against the existence of such a dispensing power on the part of the sheriff. The statute is imperative that to entitle any cred-

itor to acquire the title of the original purchaser or to become a purchaser from any other creditor, under the statute, he shall present to, and leave with such purchaser or creditor, or the officer who made the sale, as one of the evidences of his right, " a copy of the docket of the judgment or decree, under which he claims the right to purchase, duly certified by the clerk, &c." (2 *R. S.* 373, § 60.) It is important, in a case of this kind, that parties should know what their rights are at the time the redemption is to take place ; and it will lead to endless litigation if every deputy sheriff in the state is permitted to assume this power to dispense with the requirements of a positive statute, in such cases as he may think proper. If he could dispense with the production of any of the documentary evidence required, for a few hours after the expiration of the fifteen months allowed to redeem, he might also for a few days or weeks, or even for months afterwards. In the case of *The People* v. *Livingston*, (6 *Wend. Rep.* 526,) although the precise question now presented was not then under consideration, the supreme court seems to have taken it for granted that the sheriff had no power to dispense with the documentary evidence required by the revised statutes, in the case of a sale made subsequent to the time when those statutes took effect. The conclusion at which I have arrived in this case therefore is, that the complainant did not legally redeem the premises from the sale on the execution in favor of Barker; and that he acquired no title to the premises under the sheriff's deed. Of course he had no right to redeem the premises from the mortgage, the equity of redemption being then in the defendant under the sheriff's sale, although she had not obtained a transfer of the legal right by the execution of a deed from the sheriff. At the expiration of the fifteen months, the liens of all the judgment creditors subsequent to the judgment under which she bid in the property were absolutely cut off; and their equitable rights to redeem the premises from the statute foreclosure were thereby forever extinguished. The defendant having united her equitable right, to a conveyance from the sheriff, with her legal title under the statute foreclosure, her absolute title to the land is unques-

1838.

Waller
v.
Harris.

tionable, even without the formality of the execution of a deed from the sheriff; although she has a right to demand the execution of such a deed for the purpose of protecting her title to the other real estate purchased by her at the sheriff's sale, not included in the mortgage. The decree of the vice chancellor must therefore be reversed with costs; and a decree must be entered, declaring that the premises sold by the sheriff and bid in by Mrs. Harris were not legally redeemed from that sale, by the complainant Waller; that the deed from the sheriff to him was and is absolutely inoperative and void; and that the complainant, therefore, has no right to redeem the premises in question in this suit from the Stephenson mortgage; and that the bill in this cause be dismissed with costs.

The bill is not properly framed to recover back the money paid to the defendant's agent by the sheriff, and which she offered to refund when she discovered the deception which had been practised. But as the defendant admits the complainant's right to the money, the latter, if he thinks proper, may insert a provision in the decree for the refunding of that money, and the interest thereon; upon his procuring from the sheriff a deed to her for the several parcels bid off by her on the Barker execution, and paying to her the value of the use of the premises which, by the injunction in this cause, she has been kept out of the possession of pending this suit. If he does not agree to these terms the bill is to be dismissed, without prejudice to his right to proceed at law, or in equity, as he may be advised, to recover back the monies paid by the sheriff to the defendant's agent.(*a*)

---

(*a*) Affirmed on appeal to the court for the correction of errors, Dec. 1838.