Cowen, J.
The rights of the parties depend on the true construction of some of the provisions of the statutes concerning the sale and redemption of lands under execution. (Vid. 2 R. S. 293, 2d ed. § 45 to 58.) Mortgagees have by a late statute been placed in respect to the right of *53 redemption on the same footing with judgment creditors. (Sess. Laws of 1836, p. 793.)
It was not necessary for Rice to await the coming of a creditor to redeem, in order to entitle himself to interpose his mortgage. True, he was the purchaser, and Williams, Marsh & Co. might have redeemed from him, and then he, as mortgagee, might have redeemed from them. The only effect, however, of all this ceremony, would have been to prevent their taking title till both his bid and mortgage were paid. He did the same thing in substance and effect, by interposing his mortgage in the hands of the sheriff, if that was done seasonably, and in due form. He wanted nothing of Williams, Marsh & Co.’s title, and was bound to pay them nothing. A sheriff’s deed under his original purchase, would answer him every purpose; and to this he was entitled, unless Williams, Marsh & Co. raised both his incumbrances. A senior creditor redeeming, who has before purchased under a senior judgment, is bound to pay nothing. His position is, if he choose to make it so, merely a defensive one; and if the junior redeeming creditor do not meet his claim both as purchaser and creditor, the sheriff restores the money to the former which he has paid. This is all. His act becomes simply nugatory. The whole amounts to the same thing as if the first purchaser should wait for the junior creditor to come and pay the original bid, and then should turn upon him with his prior liens. What can the junior creditor then do ? Either pay the senior debt and take a deed, or back out and demand a return of his money. It is more convenient altogether, that he should be apprized of both the prior liens when he comes to the sheriff. This will save him the idle ceremony of paying and receiving his money, if he do not think it an object to clear the premises. It is more convenient also to the other party, whose rights might be' in great danger, if, as is strenuously insisted, they depend upon his being present to the last moment, ready to spring upon any one perhaps among many creditors, eo instanti he may come to take under the original purchase. The law could never *54 have intended to institute such a vexatious scramble for the sake of a mere ceremony benefitting no one concerned, but which might prove impracticable for either. (See to this point, Waller v. Harris, 7 Paige, 167, 175, 176.)
Indeed, I am strongly inclined to think that section fifty-seven, (2 R. /S. 295, 2d ed.) intended to give a judgment creditor, who purchases under another judgment, the same rights as are given by section fifty-five, (id.) to any creditor redeeming from the first purchaser; that is, among other things, if his own judgment be senior to that of the one coming to redeem, a right to hold back till his disbursements and judgments are both paid. (§ 55, sub. 2.) The fifty-seventh section declares, that if the original purchaser be also a creditor, and as such might acquire the title of any purchaser, he may avail himself of his judgment in the same manner, and on the same terms herein prescribed, to acquire the title which any creditor may have obtained. One manner or term of acquiring such title prescribed in the fifty-fifth section, subdivision two, is to hold on till both his disbursements and claim as senior creditor be discharged. In both cases he holds the compound character of purchaser and creditor, though he comes to that character in different ways.
Then came the act of May 26th, 1836, (Sess. Laws of that year, ch. 525, p. 793,) which .places mortgagees or their assignees on the same footing with judgment creditors, on complying with certain terms. The remaining questions depend mainly on the provisions in this statute.
I am of opinion that a copy of the mortgage was duly certified. A date to the clerk’s certificate might have been very well, but I can conceive of no reason rvhich should render it essential. Nor was a seal necessary. The words of the statute are, “ duly certified.” These words do not import a sealing. Certificates of officers need not, in general, be sealed. True, by certain statutes, where they' are made evidence before a jury, instead of exemplified or sworn copies, a seal and certain special forms are required. (Vid. 1 R. S.. 750, 2d ed. § 26. 2 id. 324, § 72.) But *55 such cases are exceptions. Had those statutes required merely a certificate without saying any thing of a seal, clearly it would not have been necessary. In the case at bar, a certificate in the ordinary form is enough.
The papers were handed to the sheriff originally, before the year had expired; but the attorney, apprehending it seems that this might be too early, took them back, and immediately redelivered them, accompanying this with a claim in behalf of the relator, that no one should be allowed to redeem short of paying the mortgage. Among these papers was the relator’s affidavit of the sum due on the mortgage, sworn April 6th, 1839, within one year from the time of the sale. This date of the affidavit is made the great ground of objection against the relator’s claim; and considering the strictness with which creditors coming to redeem have been in some cases holden to forms, it is certainly the most formidable objection.
For one, l am of opinion that it should not avail. I have already endeavored to show that there is nothing in the statute of redemption, or in the nature of things, which required the relator to postpone his application to the sheriff and the presentation of his papers to the last moment. It is true, that an absolute right to redeem does not vest in the creditors till one year from the time of the sheriff’s sale. (2 JR. S. 294, 2d ed. § 50.) But neither of the statutes entitling judgment or mortgage creditors to redeem, prescribes in terms when the requisite documents should be presented to the sheriff. (Id. 295, § 60.) The documents are mere instruments of business—preliminary proofs—the whole of which are intended and can operate as nothing more than a check to the imposition of fictitious claims, and as furnishing the means to detect fraud. In a view to these ends, the earlier they are placed in the sheriff’s hands the better. In the case of a mortgage, an entire copy must be furnished which gives the principal sum. The Clerk’s certificate shows the place where it was recorded; and the time when, with other circumstances, can he ascertained by search. Of what possible importance *56 is it that the sheriff should be furnished with the documents a little earlier or later, provided fair time be allowed to search and inquire into the truth 1 I should suppose it best that this be done soon after the sale is made. If the debtor redeem, the step goes for nothing. If he do not, every judgment or mortgage creditor wants information. It sounds like a singular objection with those interested in having time, that too much has been given them.
But it is said, that if the movement be very early, the affidavit of the sum due cannot fix it at the time when the creditor is entitled to redeem. The statute is, I admit, particular in requiring an affidavit of the sum due over and above all payments, at the time of claiming a right to purchase. I admit also, it is desirable that this statement of amount due, as the affidavit was probably required with a main view to the credits, should be made at the very hour of claiming to redeem. I apprehend, however, that the legislature could not well regard the danger of a man whose property had been sold on execution, reducing his judgments or mortgages by payment, as very formidable. An affidavit of amount, if true at the time of the sale, would, in almost every case, be applicable to the day of redemption, except as to the amount of interest accruing in the mean time; and this would be governed by the principal sum appearing in the copy of the mortgage. Payments after the sale, would probably be the last thing which the creditors would suspect; but if otherwise, they would have a countervailing advantage in the time given to inquire. After all, the affidavit concludes nobody. If the sheriff be in fact imposed upon, the sale will still be holden void or voidable, according to circumstances, of which creditors may inquire at their leisure. The question is one of construction upon the statute; and I see no danger in allowing a presentation of papers at any time after the sale. The fraud to be apprehended from payment would be just as easily perpetrated after an affidavit made in strict time, as if it were made before; indeed, more easily, with less opportunity of detection. An early affidavit seems to be the best one for creditors.
*57 May not a mortgage or judgment creditor also claim to redeem, by giving notice to the sheriff or purchaser within the year? True, his right is inchoate ; but what objection is there to his claiming as well as furnishing documents sub modo 7 It is the claim of a right, though a conditional one, and may well be taken to become absolute at the end of the year if the debtor do not redeem in his time. I should think such a claim perfectly unobjectionable; and if so, it brings the affidavit of amount due, in this case, down to within two days of an actual claim.
But take from the 6th of April to the 25th of May. Being anxious to save his mortgage, the relator took time by the forelock. His affidavit is made the 6th of April, and presented and left with the sheriff on the 8th, before the year had expired. On the 25th of May, after the year, the relator’s attorney signifies to the sheriff that the papers will be acted upon. The relator then had a clear right to interpose his claim. The interval between the taking of the affidavit and the claim of redemption amounts to about one month and a half. For reasons already given, I think such a slight interval of time should not be regarded as a substantial departure from the purposes of the statute. The statement of amount in the affidavit of the 6th of. April was a sufficient guide for the 25th of May. It may be considered as substantially stating the true sum due at that time over and above all payments. I admit it was not a literal compliance with the statute ; nor can that be exactly satisfied without the creditor taking his commissioner with him to the sheriff: for it requires a statement of the true sum due at the time of claiming the right to purchase. To execute the statute, we must allow some latitude and take a statement which amounts to ordinary certainty. The object is, reasonable information ; and could any one seriously doubt, that a balance on mortgage due from an insolvent on the 6th of April continued still due, with added interest, on the 25th of May following ? I admit the-possibility of payments in the mean time; but I deny any such probability of payments as should shake *58 the mind of a business man. The statute does not requite a statement in any particular form.
In any view which can be taken of the affidavit, it must be admitted that the relator has not literally complied with the statute. It does not in terms state the balance due at the moment when he came to redeem. And its effect must in a great measure depend on the inclination of the judicial mind to construe the act liberally in favor of the debtor and his redeeming creditors, or so strictly as to demand an exact compliance rather with its words than its substance and spirit. Looking at the act on the liberal side, I have felt no serious difficulty in saving the relator’s right to have his mortgage paid. If I am mistaken; if a narrow construction must prevail, as I admit has sometimes been the case, in respect to other branches of the act, (vid. Waller v. Harris, 20 Wendell, 555,) the relator must lose his debt. It was said very soon after the statute passed, that it should be construed liberally in favor of bidders. (Van Rensselaer v. Sheriff of Albany, 1 Cowen, 510.)
Further to explain what I mean by a liberal construction in this case: The mortgage and certificate would alone be sufficient to sustain the creditor’s claim even in a court of justice, and throw the proof of payment on the other side; but to make the case still clearer to the sheriff, the statute has changed the onus and required, in addition to full proof at the common law, a sworn statement by the creditor of the true sum due over and above payments at the time When he interposes his claim to redeem. A previous statement sworn to for the purpose of redeeming, accompanied with the strong improbability that any subsequent payments would be made, I consider, in connection with the documents, equivalent to an express statement at the exact time. It is not a compliance in words with the statute; but I claim for it the same effect.
My own opinion is, therefore, that the' relator is entitled to judgment on the demurrer.
*59 Nelson, 0. J. concurred.
Bkonson, J.
When a creditor comes to redeem from the ori-
ginal purchaser, he must, among other things, present an affidavit of the true sum due on the jtidglnent, decree or mortgage, at the time of claiming the tight to purchase. (2 R.S. 373, J 60. Rtat. of 1836, p. 739, § 2.) The affidavit of the relator was made within a year after the sale, and when he had no right to redeem. On this point I am unable to agree with my brethren.
Judgment for the relator.