## SUPREME COURT.

### FIELD agt. HAWXHURST AND OTHERS.

*It seems* that a complainant in a foreclosure suit, under the 48th rule, is not required to establish beforehand all the claims he may have upon the mortgaged premises. He has the same right to present and establish a claim to the surplus moneys, as a defendant in the foreclosure suit, or any other person.

The court, in its discretion, has an extraordinary power, even after judgment, to allow a pleading to be amended by inserting new allegations, material to the case, but this power should be *sparingly exercised.*

*Albany Special Term, April,* 1853. Motion to amend complaint after judgment. The suit was brought to foreclose certain mortgages executed by the defendants Hawxhurst and

Paulding. The petition upon which this motion is founded, states, that on the 12th day of April, 1848, and while the mortgagors were yet the owners of the mortgaged premises, the plaintiff recovered against them, in the New-York Common Pleas, a judgment for the sum of $7025,28, which was docketed in the county of Ulster, where the mortgaged premises are situated, and became a lien thereon. Subsequently, the equity of redemption in the mortgaged premises was assigned to a trustee for the benefit of creditors, who sold and conveyed the same to the defendant Ostrander.

The plaintiff states in his petition that when the complaint was drawn, he was advised by the counsel employed by him for that purpose, that it was unnecessary to set forth the judgment in the complaint, and it was therefore omitted; but that now he is advised that it is necessary, to enable him to claim satisfaction of the judgment out of the surplus moneys arising from the sale of the mortgaged premises.

It further appeared, upon the motion, that the cause, being at issue upon the answers of several of the defendants controverting the amount due upon several of the mortgages set forth in the complaint, was referred, and that the referees made a report upon the issues referred to them, and that the decision of the referees has been reviewed upon appeal to the general term of this court, but that no judgment roll has yet been filed. It is stated in the affidavits read in opposition to the motion, that the defendants are prepared to appeal from the judgment of the general term to the court of appeals, when such judgment shall be entered.

The motion was for leave to amend the complaint by inserting therein an allegation of the recovery of the judgment by the plaintiff; that the same was docketed, and became a lien upon the mortgaged premises, and is yet wholly due, and unpaid.

M. Schoonmaker, *for Plaintiff.*
S. Sherwood, *for Defendant, Ostrander.*

Harris, Justice. I am inclined to think the amendment

sought by the plaintiff is unnecessary for the purpose for which it is asked. Prior to 1830, it was the practice to ascertain the amount of all incumbrances upon mortgaged premises, before making a decree for sale. Renwick agt. Macomb, (*Hopk.* 277.) The 136th rule, adopted in 1830, dispensed with the necessity of ascertaining, beforehand, the liens of the defendants. If any surplus moneys remained " after satisfying the amount due the complainant, *any defendant* might have an order of reference, &c." Still it was necessary that the complainant should set out in his bill all his claims upon the mortgaged premises. Town agt. White, (10 *Paige*, 395.) But in 1844, the year after the decision in Town agt. White, the 136th rule was amended so as to allow " *any party to the suit,*" or any person not a party, who had a lien on the mortgaged premises at the time of the sale, to have an order of reference, to ascertain the priorities of the liens. The 48th rule of the court, now in force, contains the same provision. The very object of the alteration made in 1844, and which has continued unchanged until the present time, was, to save the complainant from the necessity of establishing beforehand all the claims he might have upon the mortgaged premises. As I understand the rule, it was intended that the complainant should have the same right to present and establish a claim to the surplus moneys as a defendant in the foreclosure suit, or any other person. I regard it, too, as the more convenient practice.

But, whether I am right in this construction of the rule or not, I think this motion ought not, at least in the present stage of the suit, to be granted. I know that the court may, in its discretion, even after judgment, allow a pleading to be amended, by inserting new allegations material to the case. This is an extraordinary power, and should be sparingly exercised. If the amendment is allowed, it would be necessary that the defendant should have the opportunity to controvert the new allegations. This, I suppose, from what I know of the character of the controversy, they would be very likely to do. If so, it would involve the necessity of vacating all that has been done since the reference of the former issues, or a separate trial of

the new issues.   Neither, in my judgment, would be proper at present.   The motion must, therefore, be denied, with costs, but without prejudice to the right of the plaintiff to renew it, if he shall be advised so to do, after the sale of the mortgaged premises.