Barrett, J.
The object of the surplus money rule was to save the plaintiff from the necessity of establishing beforehand all the claims he might have upon the mortgaged premises (Field v. Hawxhurst, 9 How. Pr. 77). Under this rule it has been a common practice for the plaintiff to apply for the surplus money under a subsequent incumbrance not referred to in his com *138 plaint. The surplus money stands in the place of the land in respect to those having liens or vested rights therein (Matthews v. Duryee, 45 Barb. 70). The rule as to a subsequent mortgagee without notice of snit is not technical. It is founded upon the equitable principle that he cannot have his lien upon both land and surplus. The cases 12 Abb. Pr. 294, and 32 Barb. 241, were statutory foreclosures ; and the latter went upon the authority of 7 Paige, 167, which only held that the surplus could not be claimed by the subsequent incumbrancer unless he released to the purchaser all future claim to the equity of redemption. This the plaintiff here has practically done. Its action in moving the sale free from all liens was equivalent to the barring and foreclosing of all its subsequent liens. Nor would it be just or equitable, that the judgment creditors, who are otherwise hopelessly behind, should profit by the mere form of the procedure. Upon the whole, I think the.referee was right, and that the surplus must go to the plaintiff.