DAHLMAN (WORMSER v.). See Case No. 18,048.

DAIR (UNITED STATES v.). See Case No. 14,913.

———

## Case No. 3,539.

### In re DAKIN.

[19 N. B. R. 181.][1]

District Court, S. D. New York. April Term, 1879.

BANKRUPTCY—FRAUDULENT PREFERENCE—RES JUDICATA—SURRENDER—PROOF OF CLAIMS.

1. The bankrupt was the executor of one L., and as such received the sum of eleven thousand three hundred and twenty dollars. Less than four months before the filing of the petition in bankruptcy he made and procured to be recorded a mortgage for that amount on his real estate to himself as executor. Afterwards a prior mortgage was foreclosed, and on the reference as to surplus moneys the assignee and the bankrupt, as executor, appeared and contested with each other the right to such surplus. The referee found that the mortgage was executed in fraud of the bankrupt law, and was void as to the assignee and creditors of the bankrupt. The referee's report was confirmed, and the surplus moneys paid to the assignee. The bankrupt, as executor, afterwards filed a proof of claim in the bankruptcy proceedings for the sum of eleven thousand three hundred and twenty dollars, which stated that the debt had been secured by mortgage which had become worthless by the foreclosure, and stated that the lien of the mortgage was deemed cancelled and abandoned. On motion the proof was expunged by the register. Held, no error; that the question of the validity of the mortgage was properly before the referee, and the final decree of the court confirming his report was a determination of the question binding and conclusive upon the claimant.

[Cited in Van Kleeck v. Miller, Case No. 16,-860.]

2. The recovery of the surplus moneys by the assignee in the foreclosure proceedings was equivalent to a recovery of the property from the preferred creditors in an action brought for that purpose.

3. There was no voluntary surrender by the claimant, and he could not prove for any part of his debt.

[In bankruptcy. In the matter of Daniel J. Dakin.]

O. D. M. Baker, for assignee.

John P. H. Tallman and A. H. Wilkinson, for claimant.

———

CHOATE, District Judge. This is a review of the order of the register expunging

———

[1] [Reprinted by permission.]

a proof of debt. The facts are as follows: November 11, 1867, the bankrupt Dakin, as executor of the will of Louisa A. Sturgess, received eleven thousand three hundred and twenty dollars, the proceeds of her estate. July 5, 1877, a petition in bankruptcy was filed against him by creditors, on which he was adjudicated September 19, 1877. An assignee was afterwards appointed. On the 8th of May, 1877, the bankrupt caused to be recorded a mortgage on real estate belonging to him, from himself individually to himself as executor under the will of Louisa A. Sturgess, for eleven thousand three hundred and twenty dollars. The mortgage was dated May 7, 1877. In December, 1877, William T. Merritt, as executor of Hannah K. Merritt, commenced a suit in the New York supreme court for the foreclosure of a prior mortgage on the same real estate. He made the assignee in bankruptcy and Dakin, as executor, parties to the suit, and they appeared therein. Judgment of foreclosure having been given, the property was sold under the decree, and a reference was ordered to ascertain and report the amount due to Dakin as executor, and to any other person, which is a lien on the surplus moneys, and the priorities of the several liens thereupon. The assignee in bankruptcy and Dakin, as executor, appeared before the referee and contested with each other the right to the surplus money. April 15, 1878, the referee reported that the surplus was three thousand two hundred and nineteen dollars and sixty-eight cents; that the bankrupt was indebted to himself, as executor, eleven thousand three hundred and twenty dollars; that when he executed the mortgage he was insolvent, and knew himself to be so; that he executed with intent to prefer the debt he owed to said trust estate, and with a view to prevent his property from coming to his assignee in bankruptcy, and to prevent the same from being distributed under the bankrupt law of 1867 [14 Stat. 517], and to evade the provisions thereof. And he found, as a conclusion of law, that the mortgage was executed in fraud of the provisions of the bankrupt law, and was void as to the creditors and assignee in bankruptcy of said Dakin. April 27, 1878, the report was confirmed on motion and notice, and a decree entered that said surplus moneys, after deducting a prior dower claim and costs, be paid over to the assignee in bankruptcy. The surplus money thus ascertained, two thousand eight hundred and thirty-five dollars and eighteen cents was paid to the assignee.

July 25, 1878, Dakin, as executor, etc., filed with the register his proof of claim against the bankrupt's estate for eleven thousand three hundred and twenty dollars. The proof stated that the debt had been secured by said mortgage when it had become worthless by the foreclosure, and it contained the statement that "it" (the lien of the mortgage) "is hereby deemed cancelled and abandoned."

The assignee moved to expunge the claim, and the register so ordered. This proceeding is to review this decision of the register.

It is insisted by the assignee that the claimant is precluded from the proof of his debt by reason of the determination in favor of the assignee in the surplus money proceeding, which is, as he claims, equivalent to a hostile proceeding on the part of the assignee to recover the property which was transferred to the claimant by way of preference. That therefore Rev. St. § 5084, which prohibits a creditor who has received a fraudulent preference from proving his debt unless he surrenders the property so received to the assignee, bars the claimant from the proof of this debt. The claimant insists that there was no question properly before the referee, except that of the priority of liens; that the referee or the supreme court had no jurisdiction nor authority to determine in that special proceeding that the claimant's mortgage was void as in violation of the provisions of the bankrupt law. I think that the register was clearly right in holding that the question of the validity of the claimant's mortgage was properly before the referee, and that the final decree of the court confirming his report was a determination of this question binding and conclusive upon the claimant. While it is doubtless competent and proper and not unusual, where there is a disputed question of fact involved in the right to surplus moneys, to direct the determination of the right by an action, yet I think the better opinion is that a court of equity in a suit for foreclosure has full power and jurisdiction to determine finally the rights of all parties interested in the property who are parties to the suit, and that where, upon the reference to ascertain and report the priority of liens upon the surplus moneys, parties claiming rights therein adversely to each other actually appear and litigate the question of their respective rights therein, and this, too, without objection on their part to the determination in that way of the question so raised and litigated, and the determination so made is, on notice and hearing, confirmed by a decree of the court, the determination so made is final and conclusive unless appealed from, like any other judicial determination. Mutual Life Ins. Co. v. Bowen, 47 Barb. 618; Eagle Fire Co. v. Flanagan, 1 How. App. Cas. 303; Livingston v. Mildrum, 19 N. Y. 440; Field v. Hawxhurst, 9 How. Pr. 75; Union Ins. Co. v. Van Rensselaer, 4 Paige, 85; King v. West, 10 How. Pr. 333; Husted v. Dakin, 17 Abb. Pr. 137; Union Dime Sav. Inst. v. Osley, 4 Hun, 657.

The determination of the invalidity of the claimant's mortgage as against the assignee is therefore to be deemed as having been made by the judgment of a court of competent jurisdiction upon a trial on the merits. It is res adjudicata. While there has been some conflict of opinion in the courts of New York on the practice in such cases, and proper limits of the inquiry to be made upon such reference, yet I do not think the authorities sustain the position that the court has not jurisdiction to determine such a question, or that in a case like the present the parties would not be bound. See Mathews v. Duryea, 3 Abb. Dec. 220.

On the further question, whether the claimant has surrendered his security or may now claim the right to prove his debt without such surrender, the security having proved worthless in his hands, having, in fact, been taken from him by the judgment of the court in the foreclosure suit, no distinction can be made between this case and the ordinary case of a recovery of the property from the preferred creditors by the assignee by means of an action brought for that purpose. In substance and effect this is what the assignee has done. The prohibition of the statute (section 5084) was not made with reference to any peculiar form of proceedings, nor is it limited in its application to cases where an action at law or suit in equity is brought by the assignee to recover the property. Although this proceeding to determine the right to surplus money is a special proceeding in an equity suit in which another party is the plaintiff, yet in this special proceeding the preferred creditor and the assignee contested with each other the right to the property which was the subject of the preference as clearly as if it had been an action brought to recover that alone, and the assignee prevailed and recovered the property. The case is within both the letter and the spirit of the statute, and the register properly held that the claimant had not voluntarily surrendered the property, but that it had been recovered from him by the assignee by legal proceedings. In re Leland [Case No. 8,230]. This precludes the proof of the debt, and it has also been held that where there has not been a surrender of the property to the assignee before recovery, the creditor cannot prove even for a moiety of this debt under the amendment to section 39 of the bankrupt law, contained in the twelfth section of the act of January 22, 1874 (18 Stat. 181), which provides that a preferred creditor in case of actual fraud, shall not be allowed to prove for more than a moiety of his debt. In the case of In re Atkins, in this court (unreported), Judge Blatchford held that this amendment was a limitation upon the section, the amendment not giving a preferred creditor any new rights or any right to prove at all if he failed to surrender the property, but restricting him, in a case of actual fraud to the proof of a moiety in case under section 23 (Rev. St. § 5084), he had by surrender of the property entitled himself to prove at all.

It is argued on behalf of the claimant that the moneys of the estate of Louisa A. Sturgess were invested by Dakin in the real es-

tate on which this mortgage was given, and that they may be traced into and identified with the surplus moneys which resulted from the foreclosure; and that he is now entitled to an order that the whole of such surplus be paid to him as executor, and can prove for the balance of eleven thousand three hundred and twenty dollars. It appears by the evidence that after Dakin received this money in 1867 he bought government bonds with about eight thousand dollars of it. What he then did with the rest does not appear, except that he mingled it with his own money. Afterwards he sold the bonds, and the proceeds of these were not kept distinct from his other moneys. Somewhere from 1871 to 1874 he expended a large sum of money, exceeding eleven thousand three hundred and twenty dollars, in putting up buildings on the real estate in question; but there was no act done at the time or afterwards by him declaring or creating any trust for the benefit of the trust estate in the land, or any declaration or act indicating that the making of these improvements was an investment of the trust funds. The beneficiaries under the will were the two children of the testatrix, and before they came of age he promised them, or one of them, that he would, when they came of age, give them security. His giving of the mortgage appears to have been intended by him as a compliance with this promise.

No case is cited which would justify the court in holding that these facts show that the trust funds were invested in this real estate so as to fasten on the land a trust, or that the surplus moneys can be identified as part of the trust moneys, as distinguished from the other moneys of Dakin which went into the land; certainly the case of Cook v. Tullis, 18 Wall. [85 U. S.] 332, does not sustain this claim. I think, however, that this question cannot properly be raised upon the present record. The claim is obviously entirely inconsistent with that made in the proof of claim now in question. That proceeds on the theory that there was no investment of the trust money; that it is now in its entirety a mere debt for which the mortgage was given as security. Even if this claim of an investment of the proceeds can be sustained, the decision of the register must be sustained. It is not therefore necessary to determine whether there is any foundation for this claim, or whether the giving of the mortgage itself, or the proceedings of the executor in the foreclosure suit would estop him now from making such a claim. Such questions must be reserved till he shall make an application to have that money paid to him, if he shall be so advised.

Order of the register confirmed.